UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mercy M.,

        Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; U.S. Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and U.S. Immigration and Customs Enforcement,

        Respondents.

File No. 26-cv-543 (ECT/EMB)

**OPINION AND ORDER**

Mary M. Nikolai, Gustafson Gluek PLLC, Minneapolis, MN, for Petitioner Mercy M.

Ana H. Voss and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, U.S. Department of Homeland Security, Todd M. Lyons, and U.S. Immigration and Customs Enforcement.

      Petitioner Mercy M. is an Ecuadorian citizen who has lived in the United States since November 2022. Pet. [ECF No. 1] ¶ 24. The Petition alleges, "[u]pon information and belief," that Mercy "entered the United States without inspection." *Id.* ¶ 25. "Upon entry, [Mercy] notified officials that she was seeking asylum," and "[s]he filed a petition for asylum shortly thereafter." *Id.* Mercy "has a spotless criminal record." *Id.* ¶ 28. On January 21, 2026, Mercy was arrested as part of "Operation Metro Surge" by "five individuals wearing facemasks and tactical vests" and "carrying firearms" as she was driving home from the grocery store. *Id.* ¶¶ 29–30. "These men are believed to be agents

of Respondent ICE." *Id.* ¶ 29. At the time of her Petition's filing, Mercy was "in the physical custody of Respondents in a Detention Facility in Minnesota." *Id.* ¶ 2. Respondents state that Mercy is currently detained in in El Paso, Texas, having been transferred for "bed-space reasons on January 21, 2026." ECF No. 5 at 1 n.1. The Petition asserts that Mercy is "a member of the Bond Denial Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.)." Pet. ¶ 2.[1]

Mercy challenges her detention under 28 U.S.C. § 2241. Pet. ¶ 13. She claims she has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 42–72; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Mercy, that misclassification and denial of a bond hearing violate her right to due process under the Fifth Amendment, 8 U.S.C. § 1226, and the Administrative Procedure Act. *See* Pet. ¶¶ 73–90. Mercy seeks a declaration that she is a Bond Class Member under *Maldonado Bautista*, a declaration that her arrest and detention violates the Due Process Clause of the Fifth Amendment, the INA, and implementing regulations; issuance of an order enjoining Respondents from transferring her out of the District of Minnesota, and if she has already been moved, an order directing Respondents to return her to Minnesota; an order for her immediate release, or in the alternative for a bond hearing; alternatively, issuance of a writ of habeas corpus

---

[1] Neither party provided the Court with Mercy's Notice to Appear or the other paperwork we've usually received in these cases. In this case, it doesn't matter. In their brief response to Mercy's habeas petition, Respondents did not contest any of the facts alleged in the Petition. *See* ECF No. 5.

requiring her release unless she is provided a bond hearing under 8 U.S.C. § 1226(a); issuance of an order prohibiting Respondents from seeking a stay of any order granting bond by the immigration judge; issuance of an order prohibiting Respondents from re-detaining her without a "pre-deprivation hearing before this Court where the government bears the burden of justifying re-detention by clear and convincing evidence"; and "any other and further relief that this Court may deem just and proper." Pet. at 22–23.

In a short response, Respondents state that Mercy's petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided," and argues that the petition fails on the merits for the same reasons set forth in the appeal of *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (8th Cir. Nov. 10, 2025). *See* ECF No. 5 at 1. This raises an issue of statutory interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Mercy has shown she has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*,

---

[2] To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Mercy's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

3

--- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir. 2025). Mercy has lived in the United States for over three years. *See* Pet. ¶ 24. Her detention falls under § 1226(a) and not § 1225(b)(2).[3]

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21, 2025), *appeal filed* (Nov. 7, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord*

---

[3] Respondents do not argue that Mercy is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), nor do they argue that a statutory scheme other than that raised in the Petition would apply to Mercy's detention. *See* ECF No. 5; *see also* Pet. ¶ 45 ("Petitioner has never been convicted of a crime that would bring Petitioner under the purview of 8 U.S.C. 1226(c).").

*Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023). Here, Respondents were ordered to include in their Answer "[w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." *See* ECF No. 3 at 2. Respondents have not produced a warrant, nor have they advanced any specific argument that Mercy's release is an unwarranted remedy. *See* ECF No. 5.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also*

5

*Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[4]

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Mercy M.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. As soon as practicable, but not later than 72 hours after entry of this Order, Respondents shall return Petitioner to Minnesota and then release Petitioner from custody.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 26, 2026, at 7:20 p.m.        s/ Eric C. Tostrud
                                             Eric C. Tostrud
                                             United States District Court

---

[4] The resolution of this statutory-interpretation question in Mercy's favor makes it unnecessary to address the Petition's remaining grounds.